IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sandra Sands,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Paul Toller, Jr and Collateral Recovery Solutions, LLC,<br><br>　　　　　Defendants. | Case No. 2:23-cv-05726-RMG<br><br>**ORDER AND OPINION** |

 This matter is before the Court on Plaintiff's motion to remand. (Dkt. No. 6). Defendants responded in opposition to Plaintiff's motion. (Dkt. No. 7). For the reasons set forth below, the Court denies Plaintiff's motion.

## I. Background

Plaintiff initiated this action in the Court of Common Pleas for Berkely County. (Dkt. No. 1-1 at 1). Defendants filed a notice of removal arguing that this Court has original jurisdiction based upon diversity of citizenship. (Dkt. No. 1).

Plaintiff moved to remand arguing that Defendants did not meet their burden in showing complete diversity. (Dkt. No. 6). Specifically, Plaintiff, a citizen of South Carolina, argues that Defendants did not present sufficient evidence to establish themselves as a non-citizen of South Carolina. (*Id.* at 2-5).

Defendants responded in opposition and attached affidavits of Defendant Paul Toller and the members of Defendant Collateral Recovery Solutions, LLC, Pedro Guelho and Christina Guelho. (Dkt. Nos. 7, 7-2, 7-3, and 7-4). The affidavits state that Defendant Paul Toller is domiciled in Indiana and that Pedro Guelho and Christina Guelho are domiciled in North Carolina.

The matter is now ripe for the Court's review.

## II. Standard

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the Court] must strictly construe removal jurisdiction." *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Generally, any civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original federal jurisdiction exists where a claim arises from federal law, *see* 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizens of different states, *see* 28 U.S.C. § 1332.

## III. Discussion

"Courts have consistently interpreted § 1332 and its predecessors to require complete diversity such that the state of citizenship of each plaintiff must be different from that of each defendant." *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

Again, Plaintiff is a citizen of South Carolina. Thus, if either Defendant Paul Toller Defendant Collateral Recovery Solutions is a citizen of South Carolina, then the Court must grant Plaintiff's motion to remand because the Court lacks diversity jurisdiction.

Here, the evidence before the Court shows that complete diversity exists. Defendant Toller declares that he is domiciled in Indiana and that he has not lived in South Carolina since April 2022. (Dkt. No. 7-4). Christina and Pedro Guelho declare that they are the only two members of Defendant Collateral Recovery Solutions, LLC and that they are both domiciled in North Caorlina. (Dkt. Nos. 7-3, 7-4). Plaintiff did not reply in support of its motion to remand with any contradicting evidence. Accordingly, Plaintiff's motion to remand is denied.

However, if during discovery Plaintiff discovers evidence that shows one of the Defendants is a citizen of South Carolina such that it would destroy diversity, Plaintiff may renew its motion to remand this case to state court.

### IV. Conclusion

For the reasons set forth above, Plaintiff's motion to remand (Dkt. No. 6) is denied without prejudice.

                                             s/Richard Mark Gergel
                                             Richard Mark Gergel
                                             United States District Judge

January 18, 2024
Charleston, South Carolina